## MAX SAX, TRADING AS THE ROYAL BARBER SUPPLY COMPANY v. EDWARD DOUGHTY.

Submitted December 6, 1907—Decided February 24, 1908.

To charge one as a partner by a declaration of a third party to that effect, such declaration to be admissible must be made in the presence and hearing of the person sought to be charged, or under such circumstances that make it reasonably certain that the declaration was heard by the person sought to be charged.

On appeal from the District Court of Atlantic City.

Before Justices VOORHEES and MINTURN.

For the appellant, *Repetto & Repetto.*

For the appellee, *Bolte & Albertson.*

The opinion of the court was delivered by

VOORHEES, J. This is an action of replevin for the recovery of a horse, wagon and harness. The case was tried by a jury and resulted in a verdict for the defendant. At the close of the plaintiff's testimony he had made out a *prima facie* case of title to the chattels in himself. The defendant sought to establish his title by purchase from one Nippon, whom he alleged was a partner of the plaintiff.

The point at issue in the case was whether the plaintiff and Nippon were partners. The only proof of that fact was contained in the following testimony concerning a conversation between Nippon and one Fogel. It was in these words:

"*Q.* Listen, Mr. Fogel. Let me put the question to you. Just state what was said when Mr. Sax and Mr. Nippon and yourself were together about Mr. Sax and Mr. Nippon being partners.

"*A.* Mr. Nippon told me he was his partner.

"*Q.* And was Mr. Sax present at that time?

"*A.* He was present at the time, but I don't know if he heard about it.

"*Q.* Was he there, present?

"*A.* He was there."

Cross-examination by Mr. Repetto.

"*Q.* How far was Mr. Sax away at that time?

"*A.* Oh, I should say about ten feet.

"*Q.* And the conversation was between you and Mr. Nippon?

"*A.* Yes, sir.

"*Q.* You never heard Mr. Sax say he was a partner?

"*A.* No, sir."

At the close of the case, a motion was made to direct a verdict for the plaintiff, one of the grounds being that there was not sufficient evidence to go to the jury on the question of partnership. This motion should have prevailed. The admission or declaration of one person that another is his partner is not competent evidence in proof of partnership to charge the other. *Gulick* v. *Gulick,* 2 *Gr.* 578, 582; *Lind. Part.* (*Rapalje's ed.*) 116.

Such declaration, if made in the hearing of the person sought to be charged as a partner, is admissible against him because his non-denial constitutes an admission by himself, but on no other ground. From this rule it will be seen that it was not only incumbent upon the defendant to show that the plaintiff was present when Nippon represented to Fogel that he and Sax were partners, but also that Mr. Sax heard and was cognizant of the declaration, or that it was made under such circumstances that it is reasonably certain that it came to the knowledge and understanding of the plaintiff who was sought to be charged thereby. The testimony rather negatives than affirms that the declaration of Nippon was heard by Sax.

The judgment under review will be reversed and a new trial ordered.